**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

**CORNELIUS MARQUEL SMITH**                                              **PLAINTIFF**

V.                             Case No. 3:08CV0153 BD

**MIKE ETTER,** *et al.*                                                        **DEFENDANTS**

## ORDER

Now pending is Defendant Etter's motion for summary judgment (docket entry #41). For the following reasons, the Court DENIES Defendant Etter's motion (#41).

**I.     Background:**

Plaintiff, a pre-trial detainee at the Craighead County Detention Facility ("CCDF"), filed this action pro se under 28 U.S.C. § 1983. In his Complaint, Amended Complaint, and Second Amended Complaint, Plaintiff alleges that Correctional Officer Mike Etter used excessive force against him on September 9, 2008, while the Plaintiff was detained at the CCDF (#1, #5, and #11).

Defendant Etter has now filed a motion for summary judgment (#41). In the motion, Defendant Etter argues that he is entitled to judgment as a matter of law because the force that he used on Plaintiff was objectively reasonable, and Plaintiff has failed to produce any evidence that he sustained any injury as a result of Defendant Etter's conduct. In addition, Defendant Etter argues that he is entitled to qualified immunity.

Plaintiff has now responded to Defendant Etter's motion (#49). Based upon the information contained in Plaintiff's response, the Court finds that Plaintiff has created a

genuine issue of material fact precluding judgment as a matter of law. Accordingly, Defendant Etter's motion for summary judgment (#41) is DENIED.

## II. **Discussion**:

### A. *Standard*:

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246 (1986). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910-11 (8th Cir. 2005) ("The nonmoving party may not rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.") If the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See *Celotex,* 477 U.S. at 322.

### B. *Excessive Force Claim*:

The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, regardless of whether an inmate suffers serious

injury as a result. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). However, "section 1983 is intended to remedy egregious conduct, and not every assault or battery which violates state law will create liability under it." *Askew v. Millard*, 191 F.3d 953, 958 (8th Cir. 1999) (citing *Harberthur v. City of Raymore*, 119 F.3d 720, 723 (8th Cir. 1997)). Officers do not violate the Eighth Amendment when they use force reasonably "in a good-faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 9. In excessive force cases, it must be "determined whether the force was applied 'in a good faith effort to maintain or restore discipline, or maliciously or sadistically to cause harm.'" *Estate of Davis v. Delo*, 115 F.3d 1388, 1394 (8th Cir. 1997) (quoting *Hudson*, 503 U.S. at 6). "Whether a situation justifies the use of force to maintain or restore discipline is a fact specific issue that turns on the circumstances of the individual case or the particular prison setting." *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (internal quotations omitted).

    Factors to be considered in deciding whether a particular use of force was reasonable include: whether there was an objective need for force; the relationship between any such need and the amount of force used; the threat reasonably perceived by the correctional officers; any efforts by the officers to temper the severity of their forceful response; and the extent of the inmate's injury. *Hudson*, 503 U.S. at 7.[1]

---

[1] The Court notes that because Plaintiff was a pre-trial detainee at the time of the incident in question, his excessive force claim is grounded in the due process clauses of the Fifth and Fourteenth Amendments rather than the Eighth Amendment. However, the

Here, Plaintiff claims that on September 9, 2008, Defendant Etter entered the M1 Barracks of the CCDF, grabbed Plaintiff by the neck, pushed him into the day room floor, then pulled out his taser gun. Defendant Etter does not dispute these facts, but rather argues that the force used was objectively reasonable in the light of Plaintiff's conduct.

In the incident report provided by Defendant Etter in support of the pending motion for summary judgment, Defendant Etter states that he was attempting to place the inmates in the M1 barracks in lock-down when he noticed Plaintiff walking towards him. Although Defendant Etter told Plaintiff to return to his cell, Plaintiff disregarded the order and continued to approach Defendant Etter. When Plaintiff was within an arm's length of Defendant Etter, Defendant Etter, "not know[ing] [Plaintiff's] intentions," grabbed Plaintiff by the neck, pushed him back, and called for back up (#43 at p.2). At that time, Defendant Etter drew his taser gun but did not use it. Officers Helton and Webb entered the barracks, placed Plaintiff in handcuffs, and took him to the bonding room.

In further support of his motion, Defendant Etter attaches the "Use of Force Report Form" completed by Officer Helton. In the report, Officer Helton notes that Plaintiff was irate and did not follow orders when he entered the M1 barracks. Further, he states that Plaintiff was hostile, non-compliant, and shouted at Defendant Etter.

---

analysis is the same. The Court must determine whether the force applied was objectively reasonable in the light of the situation facing the officer. *Andrews v. Neer*, 253 F.3d 1052, 1060 (8th Cir. 2001) (citing *Johnson-El v. Schoemehl*, 878 F.2d 1043, 1048-49 (8th Cir. 1989)).

In Plaintiff's Second Amended Complaint, he claims that he was "struck with extreme force" without justification or provocation (#11).  In addition, in his response to the motion summary judgment, Plaintiff claims that he was grabbed and choked in front of other inmates "because of nothing" (#49).  Plaintiff also states that the force used was excessive.

Furthermore, Officer Helton's statement in support of Defendant Etter's motion for summary judgment is consistent with the facts alleged in the Amended Complaint.  In his Amended Complaint, Plaintiff alleges that when Officer Helton and Webb entered the M1 barracks, Plaintiff was yelling about the incident that had just transpired asking other inmates if they had seen the incident and screaming that Defendant Etter had just grabbed his neck (#5).

Although force may be used by correction officers in a good faith effort to maintain discipline, there are material questions of fact in this case, including whether the forced used was necessary to maintain order or whether the amount of force used was commensurate with the situation.  Additional material issues include whether Plaintiff failed to comply with orders given by Defendant Etter or whether the application of less force would have been sufficient in the situation.  Because the Court must "view the facts and the inferences to be drawn from them in the light most favorable to the nonmoving party," Defendant Etter is not entitled to summary judgment at this time.  *Wells Fargo Fin. Leasing, Inc. v. LMT Fette. Inc.*, 382 F.3d 852, 855-56 (8th Cir. 2004).

C.  *Actual Injury*:

Defendant Etter also argues that he is entitled to summary judgment because Plaintiff has failed to present any evidence that he suffered any actual injury. However, in his Second Amended Complaint, Plaintiff claims that he "suffered swollen glands/limphnodes in [his] neck, pressure on [his] spinal cord . . . constant pain, headaches, and blurred vision" (#11). These allegations are sufficient to create a genuine issue concerning a material fact. Accordingly, Defendant Etter is not entitled to summary judgment based on a lack of injury.

D.  *Qualified Immunity*:

 "A state official is protected from suit by qualified immunity so long as the official's 'conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Irving v. Dormire*, 519 F.3d 441 (8th Cir. 2008) (citing *Reece v. Groose*, 60 F.3d 487, 491 (8th Cir.1995)). In analyzing whether an official is entitled to qualified immunity, the Court must first determine whether the alleged facts, considered in a light most favorable to the injured party, demonstrate that the defendant violated the injured party's rights. *Bearden v. Lemon*, 475 F.3d 926, 929 (8th Cir. 2007)(quoting *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151 (2001)). If a violation occurred, the Court then must determine whether the constitutional right was clearly established from the perspective of a reasonable official in the defendant's position at the time of the defendant's conduct. *Id*.

"For a right to be deemed clearly established, the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" *Buckley v. Rogerson*, 133 F.3d 1125, 1128 (8th Cir. 1998) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)). In other words, "[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004) (internal quotation omitted).

It is "well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Foulk v. Charrier*, 262 F.3d 687, 702 (8th Cir. 2001). "It is also clearly established that force may be justified to make an inmate comply with a lawful prison regulation or order, but only if the inmate's noncompliance also poses a threat to other persons or to prison security." *Treats v. Morgan*, 308 F.3d 868, 875 (8th Cir. 2002).

At the time of the incident alleged, the law was clearly established that "correctional officers do not have a blank check to use force whenever a prisoner is being difficult." *Treats*, 308 F.3d at 875 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). Accordingly, at this time, Plaintiff has created a genuine issue of material fact as to whether Defendant Etter used excessive force against him on September 9, 2008, and Defendant is not entitled to qualified immunity.

### III.  Conclusion:

Defendant Etter's motion for summary judgment (#41) is DENIED, this 23rd day of June, 2009.

```
                          _____
                          UNITED STATES MAGISTRATE JUDGE
```